UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL BOYD, on behalf of himself and all others similarly-situated,<br><br>                Plaintiff,<br><br>      -against-<br><br>PINNACLE ATHLETIC CAMPUS, LLC, DANIEL BREE, in his professional and individual capacities, SHARON CARDARELLI, in her professional and individual capacities, and JOHN DOE and JANE DOE #1-10.<br><br>                Defendants. | **CIVIL ACTION NO.: 19-CV-6795**<br><br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Michael Boyd ("Boyd"), (the "Plaintiff"), individually and on behalf of all other persons similarly situated, by and through his attorneys, Stevenson Marino LLP, file this Complaint against the corporate Pinnacle Athletic Campus, LLC ("Pinnacle") and, the individual Defendants Daniel Bree ("Bree"), in his professional and individual capacities, Sharon Cardarelli ("Cardarelli"), in her professional and individual capacities, and John Doe and Jane Doe #1-10 (collectively, the "Individual Defendants"), allege upon knowledge as to himself and upon information and belief as to all other matters as follows:

## INTRODUCTION

1. Pinnacle is a New York Limited Liability Company that owns and operates an athletic training facility campus located at 7600 Pinnacle Road, Victor, New York 114564 (the "Athletic Campus").

1

2. Plaintiff Boyd and the other employees who worked for Pinnacle and the Individual Defendants (collectively, the "Defendants") worked in more than one position with varying rates of pay.

3. Plaintiff and the other employees who worked for Defendants are paid an hourly wage for their primary position, and then a separate hourly wage for their other position, such as personal training, or providing sports lessons.

4. While Defendants paid Plaintiff and the other employees who worked for Defendants two different hour rates for positions, Defendants failed to pay Plaintiff and the other employees overtime pay for hours worked in excess of 40 in a workweek as a result of the secondary position. Indeed, often, Defendants merely note the pay for the second position as a "Taxable Adjustment" on the wage statement, while omitting the hours from the wage statements. This is a violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

5. Plaintiff and the other employees who worked for Defendants were required to submit time sheets to Defendants, but Defendants arbitrarily reduced their hours in a practice known as shaving, which is in violation of the FLSA and NYLL.

6. Accordingly, Plaintiff brings this Action on behalf of himself and all current and former employees of Defendants who from three years preceding the filing of this Complaint through the disposition of this Action were employees who either maintained two positions and were not paid overtime pay when they worked more than 40 hours in a workweek in violation of the FLSA, or whose hours were shaved (thereby reducing the overtime due to them) (collectively, the "FLSA Collective").

7. Plaintiff further brings this Action on behalf of himself and all current and former New York employees of Defendants who from six years preceding the filing of this Complaint

through the disposition of this Action were subject to violations of the New York Labor Law by virtue of one or more of the following: (1) maintained two positions and were not paid overtime pay when they worked more than 40 hours in a workweek; (2) did not receive overtime pay by virtue of Defendants' time shaving practices; (3) did not receive gap time wages by virtue of Defendants' time shaving practices; (4) did not receive the required Notice and Acknowledgment of Pay form in violation of NYLL §195; and (5) did not receive accurate wage statements in violation of NYLL § 195 (collectively, the "NY Class").

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, as to the claims pursuant to 29 U.S.C § 201, et seq..

9. This Court has supplemental jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1367, as to the NYLL claims

10. In addition, the Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).

11. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

12. At all relevant times herein, Plaintiff is considered a "person" and an "employee" entitled to protection as defined by the FLSA and NYLL.

13. Plaintiff Boyd is an adult individual over the age of 18, residing in Rochester New York.

14. Defendants employed Plaintiff Boyd from on or about January 2018 through March of 2019 at Defendants' Athletic Campus. At all relevant times, Plaintiff Boyd was employed as both as a Daycare Employee and a Personal Trainer.

15. Defendants Pinnacle is a New York Limited Liability Company that owns and operates an athletic training facility campus located at 7600 Pinnacle Road, Victor, New York 14564 (the "Athletic Campus").

16. Defendant Pinnacle's principal place of business is located at 7600 Pinnacle Road, Victor, New York 14564.

17. Defendant Bree is an adult individual over the age of 18, residing in New York.

18. Defendant Cardarelli is an adult individual over the age of 18, residing in New York.

19. At all relevant times herein, Defendant Bree is the owner of Defendant Pinnacle, and, therefore, is personally liable for the wages of the employees of the Defendant Pinnacle. At relevant times, Defendant Cardarelli is also involved as the overseer of the day-to-day operations of Pinnacle; made both supervisory and managerial decisions for Pinnacle; had the power to, and did in fact, hire and fire employees; and also supervised and controlled the conditions of employment of employees, and determined the rates of employee pay and methods of payment. Defendant Cardarelli and Defendant Bree are, therefore, employers, as are personally liable under the New York Labor Law and FLSA.

20. Defendants John Doe and Jane Doe #1-10 are as-yet unidentified owners, officers, shareholders, and managers of Pinnacle. At all times relevant to the allegations herein, they had the power to hire and fire employees at Pinnacle, established their wages, set their work schedules, and maintained their employment records.

21. Defendant Pinnacle had annual gross revenues in excess of $500,000 for all relevant periods herein.

22. At all relevant times the Defendant Pinnacle has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

23. The Defendants operate in concert and together in a common enterprise and through related activities, so that the actions of one may be imputed to the other, and/or they operate as joint employers within the meaning of the FLSA, and/or were otherwise legally responsible for the matters alleged in this Complaint and proximately caused Plaintiff, the FLSA Collective Members and the NY Class Members to be subject to the unlawful pay practices described in this Complaint.

24. Collectively, Defendants have directed the work of Plaintiff, the FLSA Collective Members and the NY Class Members, and have benefited from work performed that Defendants suffered or permitted from them.

25. Plaintiff Boyd, and the similarly situated FLSA Collective Members and NY Class Members worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA and NYLL.

26. Plaintiff Boyd, and similarly situated the FLSA Collective Members and the NY Class Members worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA and NYLL.

**FACTUAL ALLEGATIONS REGARDING
DUAL POSITIONS**

27. Plaintiff and the Putative FLSA Collective Members and the NY Class Members worked in more than one position, with varying rates of pay. Plaintiff and the Putative FLSA

5

Collective Members and the NY Class Members are paid an hourly wage for their primary position, and then a separate hourly wage for their other position, such as personal training, or providing sports lessons.

28. While Defendants paid Plaintiff and the Putative FLSA Collective Members and the NY Class Members two different hourly rates for their positions, they failed to pay Plaintiff and the Putative FLSA Collective Members and the NY Class Members with overtime pay for hours worked in excess of 40 in a workweek as a result of the secondary position.

29. For example, during the workweek ending August 12, 2018, Plaintiff worked as a Daycare/Front Desk Employee at a rate of $15/hour for 27.5 hours. During that same week, Plaintiff worked as a Fitness Instructor at a rate of $25/hour for 23 hours. Plaintiff was not paid overtime during this week. While Plaintiff should have been paid a total of $1,090.19, he received only $987.50.

30. The foregoing practice is not unique to Plaintiff, but is common and applied to the Putative FLSA Collective Members and the NY Class Members. Plaintiff knows this practice is not limited to himself because he spoke with Evan Ryan and Chris Culver, who similarly complained of not being paid properly.

31. The foregoing practice violates the FLSA and NYLL.

## FACTUAL ALLEGATIONS REGARDING HOURS SHAVING

32. Defendants have routinely engaged in a pattern and practice of arbitrarily reducing (aka "shaving") the number of hours worked by employees. As a result, this reduces the overtime they would be entitled to under the FLSA and NYLL, and results in gap-time claims under the NYLL.

33. Specifically, Defendants require Plaintiff Boyd and the Putative FLSA Collective Members and the NY Class Members to keep track of their hours on time sheets and submit them at the end of the week.

34. Defendant Cardarelli would routinely reduce hours at her whim and provide no explanation for the reasons such hours were reduced.

35. When Plaintiff Boyd and the Putative FLSA Collective Members and the NY Class Members questioned Defendant Cardarelli on why the hours were reduced, Defendant Cardarelli would advise that it was a mistake and that the shaved hours would be on the following paycheck. Plaintiff Boyd and the Putative FLSA Collective Members and the NY Class Members would never receive the Shaved Hours. Plaintiff Boyd had the foregoing interaction with Defendant Cardarelli no less than four times.

36. Plaintiff Boyd is aware that the Putative FLSA Collective Members and the NY Class Members had the same interactions because he spoke with Michael D'Eletto and Frank Lanza.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
## (FAIR LABOR STANDARDS ACT: UNPAID OVERTIME WAGES)

37. Plaintiff Boyd and, on behalf of himself and the FLSA Collective Members, realleges and incorporates by reference paragraphs 1 through 36, as if they were set forth again herein.

38. Defendant employed Plaintiff Boyd and the FLSA Collective Members within the meaning of the FLSA.

39. Plaintiff Boyd and the FLSA Collective Members are or were "employees" within the meaning the FLSA when the Defendants were a covered "employer" within the meaning of the FLSA.

40. Defendants engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

41. Plaintiff Boyd consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

42. The overtime wage provisions set forth in 29 U.S.C. §§ 201, et seq., apply to Defendants.

43. Defendants had a policy and practice of having employees work in more than one position, with varying rates of pay. Plaintiff and the FLSA Collective Members were/are paid an hourly wage for their primary position, and then a separate hourly wage for their other position, such as personal training, or providing sports lessons.

44. While Defendants paid Plaintiff and the FLSA Collective Members two different hourly rates for their positions, they failed to pay Plaintiff and the FLSA Collective Members with overtime pay for hours worked in excess of 40 in a workweek as a result of the secondary position.

45. Defendants also had a policy and practice of shaving the hours worked by Plaintiff and the FLSA Collective Members, which thereby reduced the total overtime that was due to them.

46. As a result of Defendants' willful failure to compensate Plaintiff and the FLSA Collective Members at a rate not less than one and one-half the weighted average of Plaintiff Boyd and the FLSA Collective Members pay for their two respective positions, for work performed in excess of 40 hours in a workweek, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

47. As a result of Defendants' willful decision to shave the hours worked by Plaintiff and the FLSA Collective Members, Plaintiff Boyd and the FLSA Collective Members did not receive overtime for all hours worked in excess of 40 hours in a workweek. Accordingly,

Defendants violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

48. Defendants knew and/or showed reckless disregard that their conduct was prohibited by 29 U.S.C. §§ 255(a).

49. As a result of Defendants' FLSA violations, Plaintiff and the FLSA Collective Members are entitled to recover from Defendants (a) overtime compensation; (b) an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA; and (c) reasonable attorneys' fees, and costs and disbursements in this action, pursuant to 29 U.S.C. § 216(b).

50. Because Defendants' violations of the FLSA lacked good faith, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### (NYLL AND NYCCRR:  UNPAID OVERTIME)

51. Plaintiffs Boyd and the NYLL Class Members reallege and incorporate by reference paragraphs 1 through 50, as if they were set forth again herein.

52. N.Y. Lab. Law § 160 and NYCCRR tit. 12, § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours worked exceeding forty in a workweek.

53. As described above, Defendants are an employer within the meaning of the NYLL, while Plaintiff and the Putative NY Class Members are or were employees within the meaning of the NYLL.

54. As also described above concerning the time shaving and failure to properly implement the weighted average in dual positions for purposes of calculating overtime, Plaintiff and the Putative NY Class Members worked in excess of forty hours per week, yet the Defendants

failed to compensate Plaintiffs and the Putative NY Class Members for all overtime hours worked in accordance with the NYLL's and NYCCRR's overtime provisions.

55. Defendants' actions were in willful violation of the NYLL and NYCCRR.

56. Plaintiffs are entitled to their overtime pay for all hours worked in excess of forty at the rate of one and one-half times their respective standard rates of pay.

57. Plaintiffs are also entitled to liquidated damages, interest, and attorney's fees for the Defendants' willful violation of the NYLL's and NYCCRR's overtime provisions.

### THIRD CLAIM OF RELIEF AGAINST DEFENDANTS
### (NEW YORK LABOR LAW: FAILURE TO PAY WAGES)

58. Plaintiffs Boyd and the Putative NY Class Members reallege and incorporate by reference paragraphs 1 through 57, as if they were set forth again herein.

59. NYLL §§ 190, 191 and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

60. As described above, Defendants are an "employer" within the meaning of the NYLL, while Plaintiffs were "employees" within the meaning of the NYLL.

61. As also described above, Defendants failed to provide any compensation to Plaintiff and the Putative NY Class Members for certain hours when Defendants engaged in the practice of hours shaving.

62. Defendants' actions were in willful violation of the NYLL.

63. Plaintiff and the Putative NY Class Members are entitled pursuant to NYLL to their agreed upon hourly rates for all hours worked that Plaintiff and the Putative NY Class Members were not paid for.

64. Plaintiff and the Putative NY Class Members are also entitled to liquidated damages, interest, and attorney's fees for the Defendants' willful failure to pay wages in violation of the NYLL.

### FOURTH CLAIM OF RELIEF AGAINST DEFENDANTS
### (NEW YORK LABOR LAW: FAILURE TO COMPANY WITH NOTICE AND RECORDKEEPING REQUIREMENTS)

65. Plaintiffs Boyd and the Putative NY Class Members reallege and incorporate by reference paragraphs 1 through 64, as if they were set forth again herein.

66. NYLL § 195(4) requires, among other things, that Defendants establish and maintain, for at least six years payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

67. NYLL § 661 requires that Defendants establish and maintain, inter alia, true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

68. 12 N.Y.C.R.R. § 142-2.6 requires New York Defendants to establish, maintain and preserve, for six years, weekly payroll records showing, inter alia, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

69. NYLL § 195(3) requires that Defendants furnish each of its employees with a statement with each payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

70. N.Y.C.R.R. § 142-2.7 requires Defendants to furnish each employee with a statement with each payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

11

71. Defendants did not provide Boyd and the Putative NY Class Members with the requisite notices and statements described above in the foregoing paragraphs.

72. As a result of Defendants failure to comply with the notice and record keeping requirements of NYLL § 195(a) and 195(3), Plaintiff and the Putative NY Class Members are entitled to recover from Defendants all penalties as provided by NYLL § 198(1)b and 198(1)d.

## DEMAND FOR A JURY TRIAL

73. Plaintiff and Putative FLSA Collective and the NY Class Members demand a trial by jury on all issues and claims in this Action.

## PRAYER FOR RELIEF

74. **WHEREFORE,** Plaintiff Boyd, the NYLL Class, and the FLSA Collective are entitled to and pray for the following relief:

a. Designation of this Action as a FLSA collective action on behalf of the Plaintiff Boyd and the FLSA Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to members of the FLSA Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), and tolling the statute of limitations;

b. A declaratory judgment that Defendants' practices complained of herein are unlawful under the FLSA, New York Labor Law, and common law;

c. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the weighted average rate of pay under the FLSA and/or the NYLL;

d. An award of unpaid wages for hours all hours that were shaved by Defendants' unlawful policy of hours shaving, at one and one-half the regular rate of pay (if such hours were

12

worked over 40 in a workweek) or at the regular rate of pay (if such hours were worked below 40 hours in a workweek);An award of liquidated damages as a result of Defendants' willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to the FLSA and NYLL;

  e. An award of liquidated damages as a result of Defendants' willful failure to pay for all hours worked below 40 in a workweek at the regular rate of pay pursuant to the NYLL;

  f. An award of damages representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

  g. Penalties under NYLL §§ 198(1)(b) and 198(1)(d) for the Defendants' failure to comply with the notice and record keeping requirements of NYLL §§ 195(1) and 195(3);

  h. An award of pre-judgment and post-judgment interest;

  i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of service payments to Plaintiff Boyd; and

  j. Such other and further relief as this Court deems just and proper.

Dated: New York, New York   Stevenson Marino LLP
    October 28, 2019     Attorneys for Plaintiffs

            By: /s/ Justin R. Marino
            Justin R. Marino
            (212) 939.7228 (o)
            (212) 531-6129 (f)
            jmarino@stevensonmarino.com