# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL BOYD, on behalf of himself and all others similarly situated,

PlaintiffCHRISTOPHER CULVER and ANTONIO HEPBURN,

               Plaintiffs,

        -against-

PINNACLE ATHLETIC CAMPUS, LLC, DANIEL BREE, in his professional and individual capacities, SHARON CARDARELLI, in her professional and individual capacities, and JOHN DOE and JANE DOE #1-10.

               Defendants.

CIVIL ACTION NO.: 19-CV-6795

CLASS AND COLLECTIVE ACTIONAMENDED COMPLAINT

**JURY TRIAL DEMANDED**

Plaintiffs Michael Boyd ("Boyd"), (the "Plaintiff"), individuallyChristopher Culver and on behalf of all other persons similarly situated,Antonio Hepburn ("Plaintiffs"), by and through histheir attorneys, Stevenson Marino LLP, file this Amended Complaint against the corporate Pinnacle Athletic Campus, LLC ("Pinnacle") and, the individual Defendants Daniel Bree ("Bree"), in his professional and individual capacities, Sharon Cardarelli ("Cardarelli"), in her professional and individual capacities, and John Doe and Jane Doe #1-10 (collectively, the "Individual Defendants"), allege." and Individual Defendants with Pinnacle as "Defendants"), alleges upon knowledge as to himselfthemselves and upon information and belief as to all other matters as follows:

**INTRODUCTION**

1.     This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to them by: (i) the overtime provisions of

1

the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement for employers to timely pay wages in accordance with the terms and conditions of employment, NYLL §§ 190, 191; (iv) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (v) the NYLL's requirement that employers furnish employees with wage notices upon hire containing specific categories of accurate information on each payday, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

1.2.    Pinnacle is a New York Limited Liability Company that owns and operates an athletic training facility campus located at 7600 Pinnacle Road, Victor, New York 114564 (the "Athletic Campus").

2.    Plaintiff Boyd and the other employees who Plaintiffs worked for Pinnacle and the Individual Defendants (collectively, the "Defendants") worked in more than one position with varying rates of pay.

3.    Plaintiff and the other employees who worked for Defendants are paid an hourly wage for at their primary position, and then a separate hourly wage for athletic facility campus, employing Culver as a baseball/softball director and Hepburn as a facilities worker. As described below, for the duration of their other position, such as personal training, or providing sports lessons.

4.    Whileemployment periods, Defendants paid Plaintiff and the other employees who worked for Defendants two different hour rates for positions, Defendantswillfully failed to pay Plaintiff and the other employees overtime pay for hours worked in excess of 40the wages lawfully

2

due to him under the FLSA and the NYLL. Specifically, Defendants failed misclassified Culver as exempt, despite the fact that he performed non-exempt duties, and accordingly failed to pay him at the statutorily required overtime rate for all hours that he worked over forty in a workweek as a result of the secondary position. Indeed, often, Defendants merely note the pay for the second position as a "Taxable Adjustment" on the wage statement, while omitting the hours from the wage statements. This is a violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

5.    Plaintiff and the other employees who worked for Defendants were required to submit time sheets to Defendants, but Defendants arbitrarily reduced their hours in a practice known as shaving, which is in violation of the FLSA and the NYLL.

6.    Accordingly, Plaintiff brings this Action on behalf of himself and all current and former employees of Defendants who from three years preceding the filing of this Complaint through the disposition of this Action were employees who either  Additionally, Defendants maintained two positions and were not paid overtime pay when they worked more than 40 hours in a workweek in violation of the FLSA, or whose hours were shaved (thereby reducing the overtime due to inaccurate time sheets that reduced Hepburn's hours actually worked and undercompensated them) (collectively, the "FLSA Collective").

7.3.    Plaintiff further brings this Action on behalf of himself and all current and former New York employees of Defendants who from six years preceding the filing of this Complaint through the disposition of this Action were subject to violations of the New York Labor Law by virtue of one or more of the following: (1) maintained two positions and were not paid overtime pay when they worked more than 40 hours in a workweek; (2) did not receive overtime pay by virtue of as a result. Thus, as a result of Defendants' time shaving practices; (3) did not receive

3

gap time wages by virtue of Defendants' time shaving practices; (4) did not receive thepractice, Defendants also failed to pay Hepburn at the statutorily required Notice and Acknowledgment of Pay formovertime rate for all hours that he worked over forty in a workweek in violation of the FLSA and the NYLL §195; and (5) did not receive accurate wage statements in violation of NYLL § 195 (collectively, the "NY Class")..

4.    Lastly, Defendants failed to provide Plaintiffs with a wage statement on each payday that accurately stated the total hours that Plaintiffs worked each week and failed to provide Plaintiffs with a wage notice upon each Plaintiff's respective date of hire that accurately stated their respective regular and overtime rates of pay.

## JURISDICTION AND VENUE

8.5.    This Court has original jurisdiction over Plaintiff'sPlaintiffs' claims pursuant to 28 U.S.C. § 1331, as to the claims pursuant to 29 U.S.C § 201, et seq.,.

9.6.    This Court has supplemental jurisdiction over Plaintiff'sPlaintiffs' claims pursuant to 28 U.S.C. § 1367, as to the NYLL claims.

10.7.    In addition, the Venue is appropriate in this Court has jurisdiction over Plaintiff's FLSA claims pursuant to 2928 U.S.C. § 2161391(b).)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

11.8.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

12.9.    At all relevant times herein, Plaintiff is considered a "person" and an "employeePlaintiffs are "persons" and "employees" entitled to protection as defined by the FLSA and NYLL.

4

13.     Plaintiff Boyd is an adult individual over the age of 18, residing in Rochester New York.

14.     Defendants employed Plaintiff Boyd from on or about January 2018 through March of 2019 at Defendants' Athletic Campus.  At all relevant times, Plaintiff Boyd was employed as both as a Daycare Employee and a Personal Trainer.

15.10.  DefendantsDefendant Pinnacle is a New York Limited Liability Company that owns and operates an athletic training facility campus at its principal place of business located at 7600 Pinnacle Road, Victor, New York 14564 (the "Athletic Campus").

16.     Defendant Pinnacle's principal place of business is located at 7600 Pinnacle Road, Victor, New York 14564.

17.     Defendant Bree is an adult individual over the age of 18, residing in New York.

18.     Defendant Cardarelli is an adult individual over the age of 18, residing in New York.

11.     At all relevant times herein, Defendant Bree is the owner and President of Pinnacle. In this role, Defendant Pinnacle, and, therefore, is personally liable forBree oversaw the wages of theAthletic Campus's operations, paid employees of the Defendant Pinnacle. , and had the power to hire and fire and approve all personnel decisions with respect to all employees. Defendant Bree supervised, paid, and was involved in the hiring of Plaintiffs.

19.12. At relevant times, Defendant Cardarelli is Pinnacle's supervisor. In this role, Defendant Cardarelli also involved as the overseer ofoversaw the day-to-day operations of Pinnacle; made both supervisory and managerial decisions for Pinnacle; had the power to, and did in fact, hire and fire employees; and also supervised and controlled the conditions of employment of employees, and determined the rates of employee pay and methods of payment. Defendant

Cardarelli and Defendant Bree are, therefore, employers, as are personally liable under the New York Labor Law and FLSA.. Defendant Carderelli was responsible for overseeing the duties and hours that the Plaintiffs worked and was solely responsible for signing the time sheets for Hepburn.

20.    Defendants John Doe and Jane Doe #1-10 are as-yet unidentified owners, officers, shareholders, and managers of Pinnacle.  At all times relevant to the allegations herein, they had the power to hire and fire employees at Pinnacle, established their wages, set their work schedules, and maintained their employment records.

21.13.  Defendant Pinnacle had annual gross revenues in excess of $500,000 for all relevant periods herein.

22.14.  At all relevant times the Defendant Pinnacle has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).), as Defendants employ two or more employees and buy and sell athletic equipment, food items, and business supplies in the course of their business, which originate in states other than New York, as well as accept credit card payments from customers for their fees and purchases, the combination of which subjects Defendants to the FLSA's requirements as an enterprise.

23.15.  The Defendants operate in concert and together in a common enterprise and through related activities, so that the actions of one may be imputed to the other, and/or they operate as joint employers within the meaning of the FLSA, and/or were otherwise legally responsible for the matters alleged in this Complaint and proximately caused Plaintiff, the FLSA Collective Members and the NY Class MembersPlaintiffs, to be subject to the unlawful pay practices described in this Complaint.

6

24. Collectively, Defendants have directed the work of Plaintiff, the FLSA Collective Members and the NY Class Members, and have benefited from work performed that Defendants suffered or permitted from them.

25. Plaintiff Boyd, and the similarly situated FLSA Collective Members and NY Class Members worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA and NYLL.

26. Plaintiff Boyd, and similarly situated the FLSA Collective Members and the NY Class Members worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA and NYLL.

## FACTUAL ALLEGATIONS REGARDING DUAL POSITIONS

27. Plaintiff and the Putative FLSA Collective Members and the NY Class Members worked in more than one position, with varying rates of pay. Plaintiff and the Putative FLSA Collective Members and the NY Class Members are paid an hourly wage for their primary position, and then a separate hourly wage for their other position, such as personal training, or providing sports lessons.

28. While Defendants paid Plaintiff and the Putative FLSA Collective Members and the NY Class Members two different hourly rates for their positions, they failed to pay Plaintiff and the Putative FLSA Collective Members and the NY Class Members with overtime pay for hours worked in excess of 40 in a workweek as a result of the secondary position.

29. For example, during the workweek ending August 12, 2018, Plaintiff worked as a Daycare/Front Desk Employee at a rate of $15/hour for 27.5 hours. During that same week, Plaintiff worked as a Fitness Instructor at a rate of $25/hour for 23 hours. Plaintiff was not paid

7

overtime during this week. While Plaintiff should have been paid a total of $1,090.19, he received only $987.50.

30.    The foregoing practice is not unique to Plaintiff, but is common and applied to the Putative FLSA Collective Members and the NY Class Members. Plaintiff knows this practice is not limited to himself because he spoke with Evan Ryan and Chris Culver, who similarly complained of not being paid properly.

31.    The foregoing practice violates the FLSA and NYLL.

### FACTUAL ALLEGATIONS REGARDING HOURS SHAVING

32.    Defendants have routinely engaged in a pattern and practice of arbitrarily reducing (aka "shaving") the number of hours worked by employees. As a result, this reduces the overtime they would be entitled to under the FLSA and NYLL, and results in gap-time claims under the NYLL.

33.    Specifically, Defendants require Plaintiff Boyd and the Putative FLSA Collective Members and the NY Class Members to keep track of their hours on time sheets and submit them at the end of the week.

34.    Defendant Cardarelli would routinely reduce hours at her whim and provide no explanation for the reasons such hours were reduced.

35.    When Plaintiff Boyd and the Putative FLSA Collective Members and the NY Class Members questioned Defendant Cardarelli on why the hours were reduced, Defendant Cardarelli would advise that it was a mistake and that the shaved hours would be on the following paycheck. Plaintiff Boyd and the Putative FLSA Collective Members and the NY Class Members would never receive the Shaved Hours. Plaintiff Boyd had the foregoing interaction with Defendant Cardarelli no less than four times.

8

36.   Plaintiff Boyd is aware that the Putative FLSA Collective Members and the NY Class Members had the same interactions because he spoke with Michael D'Eletto and Frank Lanza.

**PLAINITFF CULVER**

16.   Defendants employed Culver to work at the Athletic Campus, a large and well-known athletic training facility campus in Victor, New York, as a director of baseball/softball.

17.   Culver worked in this role from June 4, 2017 through July 28, 2019.

18.   In this role, Culver's duties were to run and organize the baseball and softball programs at the Athletic Campus, which consisted in holding practices and running lessons for the children that signed up for the program. Culver additionally worked in Pinnacle's Acorn Café helping to cook food at the facility.

19.   For the duration of his employment, Culver supervised only one part-time Pinnacle employee, David Prong, who started as a volunteer coach until Pinnacle hired him to work one day per week for two hours per day. Thus, for the entirety of his employment, Culver never directed the work of a full-time Pinnacle employee.

20.   Throughout his employment, Culver routinely worked six days per week, Monday through Saturday, from approximately 9:00 a.m. to 9:00 p.m., without an uninterrupted break on each day. Thus, Culver routinely worked sixty hours per week. During the winter months, from October through March, Culver routinely worked seven days a week to accommodate the Athletic Campus's volleyball, baseball, and softball tournaments.

21.   For his work, Defendants paid Culver a weekly salary for the following amounts for the following approximate time periods:

  a.   June 4, 2017 to June 8, 2017: $600.00 per week;
  b.   June 9, 2017 to August 21, 2017: $750 per week;

9

    c.   August 22, 2017 to November 5, 2017: $800.00 per week;
    d.   November 6, 2017 to March 25, 2018: $835.00 per week;
    e.   March 26, 2018 to July 28, 2019: $1,035.00 per week.

22.    The foregoing weekly rates stayed the same regardless of whether Culver worked over forty hours in a workweek. As a result, Defendants failed to pay Culver the statutorily required overtime rate of pay for the hours that Culver worked over forty each week.

23.    By way of example only, for six days during the week of June 2 to June 8, 2019, Culver worked Monday through Saturday, from 9:00 a.m. to 9:00 p.m., without an uninterrupted meal break, totaling sixty hours worked that week. For his work during this specific workweek, Defendants paid Culver a weekly salary of $1,035.00 but failed to pay Culver at his overtime rate of $25.87 for the twenty hours that Culver worked in excess of forty that week.

24.    On each occasion when Defendants paid Culver, Defendants failed to provide Culver with a wage statement that accurately listed Culver's actual hours worked for that week, or his regular and overtime rates of pay.

25.    Upon his hire, Defendants failed to provide Culver with a wage notice that accurately listed his regular and overtime rate of pay.

**FACTUAL ALLEGATIONS REGARDING PLAINTIFF HEPBURN**

26.    Defendants employed Hepburn to work at the Athletic Campus as a facilities worker.

27.    Hepburn worked in this role from approximately February 18, 2018 through January 13, 2019.

28.    In this role, Hepburn's duties were to perform maintenance, cleaning duties, and cooking food in the Acorn Café at the Athletic Campus.

10

29.     Additionally, Bree directed Hepburn to perform maintenance and yard work at his Bree's personal residence and farm.

30.     Throughout his employment, Hepburn routinely worked seven days per week, Monday through Sunday, from approximately 9:00 a.m. to 9:00 p.m., but sometimes as early as 7:00 a.m. and as late as 10:00 p.m., without an uninterrupted break on each day. Thus, Hepburn routinely worked seventy-two hours per week.

31.     For his work, Defendants paid Hepburn an hourly rate of $13.00 per hour but failed to compensate Hepburn at the statutorily applicable overtime rate of $19.50 for all hours that he worked over forty in a workweek.

32.     For the entirety of his employment, Defendants failed to maintain accurate contemporaneous time records that reflected Hepburn's actual hours of work. Rather, Defendant Cardarelli would report Hepburn's hours to be fewer than the hours he actually worked, which effectively shaved time from the total hours he worked each week. In fact, Defendants never permitted Hepburn to verify his hours and Defendant Cardarelli only would sign Hepburn's timesheets.

33.     As a result, Defendants undercompensated Hepburn on a weekly basis and therefore failed to pay Hepburn the statutorily required overtime rate of pay for all the hours that Hepburn worked over forty each week.

34.     By way of example only, for six days during the week of April 23 to April 29, 2019, Hepburn worked the following days at the following hours:

Monday, April 23: 9:00 a.m. to 10:00 p.m.;

Tuesday, April 24: 8:00 a.m. to 4:00 p.m.;

Wednesday, April 25: 7:00 a.m. to 10:00 p.m.;

11

Thursday, April 26: 7:00 a.m. to 9:00 p.m.;

Friday, April 27: Off;

Saturday, April 28: 7:00 a.m. to 9:00 p.m.

Sunday, April 29: 10:00 a.m. to 9:00 p.m.

Each day that Hepburn worked this week, he worked without an uninterrupted meal break, totaling sixty-four hours worked that week. For his work during this specific workweek, Defendant paid Hepburn for 28.50 hours at $13.00 per hour resulting in $370.50 in weekly pay, but failed to pay Hepburn at his straight time rate for the hours that he worked up until forty that week, or at his overtime rate of $19.50 for the twenty-four hours that Hepburn worked in excess of forty that week.

35.    On each occasion when Defendants paid Hepburn, Defendants failed to provide Hepburn with a wage statement that accurately listed Hepburn's actual hours worked for that week, or his regular and overtime rates of pay.

36.    Upon his hire, Defendants failed to provide Hepburn with a wage notice that accurately listed his regular and overtime rate of pay.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(FAIR LABOR STANDARDS ACT: UNPAID OVERTIME WAGES)**

37.    Plaintiff BoydPlaintiffs repeat, reiterate, and, on behalf of himself re-allege each and every allegation set forth above with the FLSA Collective Members, reallegessame force and incorporates by reference paragraphs 1 through 36,effect as if they weremore fully set forth again herein.

38.    Defendant employed Plaintiff Boyd and the FLSA Collective Members within the meaning of the FLSA.

12

39. ~~Plaintiff Boyd and the FLSA Collective Members are or were "employees" within the meaning the FLSA when the Defendants were a covered "employer" within the meaning of the FLSA.~~

40. ~~Defendants engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.~~

41. ~~Plaintiff Boyd consents in writing to be a party to this action, pursuant to~~ 29 U.S.C. § ~~216(b).~~

42. ~~The overtime wage provisions set forth in 29 U.S.C. §§ 201, et seq., apply to Defendants.~~

43. ~~Defendants had a policy and practice of having employees work in more than one position, with varying rates of pay. Plaintiff and the FLSA Collective Members were/are paid an hourly wage for their primary position, and then a separate hourly wage for their other position, such as personal training, or providing sports lessons.~~

44. ~~While Defendants paid Plaintiff and the FLSA Collective Members two different hourly rates for their positions, they failed to pay Plaintiff and the FLSA Collective Members with overtime pay for hours worked in excess of 40 in a workweek as a result of the secondary position.~~

45. ~~Defendants also had a policy and practice of shaving the hours worked by Plaintiff and the FLSA Collective Members, which thereby reduced the total overtime that was due to them.~~

~~46.~~38. ~~As a result of Defendants' willful failure~~207(a) requires employers to compensate ~~Plaintiff and the FLSA Collective Members~~their employees at a rate not less than one and one-half ~~the weighted average of Plaintiff Boyd and the FLSA Collective Members pay for their two respective positions, for work performed in excess of 40 hours in a workweek, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§~~

~~207(a)(1) and 215(a).~~times their regular rates of pay for all hours worked exceeding forty in a workweek.

39.    As ~~a result of Defendants' willful decision to shave~~described above, Defendants are employers within the ~~hours worked by Plaintiff and~~ meaning of the FLSA ~~Collective Members, Plaintiff Boyd and~~, while Plaintiffs are employees within the ~~FLSA Collective Members did not receive overtime for all hours~~meaning of the FLSA.

~~47.~~40. As also described above, Plaintiffs worked in excess of ~~40~~forty hours in a workweek. ~~Accordingly,~~, yet Defendants ~~violated and, continue~~failed to ~~violate,~~compensate them in accordance with the ~~FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).~~FLSA's overtime provisions.

~~48.    Defendants knew and/or showed reckless disregard that their conduct was prohibited by 29 U.S.C. §§ 255(a).~~

~~41.    As a result of Defendants' FLSA violations, Plaintiff and the FLSA Collective Members are entitled to recover from~~ Defendants ~~(a)~~ willfully violated the FLSA.

42.    Plaintiffs are entitled to overtime ~~compensation; (b) an additional, equal amount as~~ pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

~~49.~~43.  Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' ~~willful violations of the FLSA; and (c) reasonable attorneys' fees, and costs and disbursements in this action, pursuant to 29 U.S.C. § 216(b).~~violations of the FLSA's overtime provisions.

~~50.    Because Defendants' violations of the FLSA lacked good faith, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.~~

**Formatted:** Left

14

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(NYLL AND ~~NYCCRR~~NYCRR:  UNPAID OVERTIME)**

~~51.~~44.  Plaintiffs ~~Boyd~~repeat, reiterate, and ~~the NYLL Class Members reallege~~re-allege each and ~~incorporate by reference paragraphs 1 through 50, as if they were~~every allegation set forth ~~again~~above with the same force and effect as if more fully set forth herein.

~~52.~~45.  ~~N.Y. Lab. Law~~NYLL § 160 and NYCCRR tit. 12, § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours worked exceeding forty in a workweek.

~~53.~~46.  As described above, Defendants are ~~an employer~~employers within the meaning of the NYLL~~, while Plaintiff~~ and the ~~Putative NY Class Members are or were~~NYCRR, while Plaintiffs are employees within the meaning of the NYLL~~.~~ and the NYCRR..

54.    As also described above ~~concerning the time shaving and failure to properly implement the weighted average in dual positions for purposes of calculating overtime, Plaintiff and the Putative NY Class Members~~, Plaintiffs worked in excess of forty hours ~~per week~~in a workweek, yet ~~the~~Defendants failed to compensate ~~Plaintiffs and the Putative NY Class Members for all overtime hours worked~~them in accordance with the ~~NYLL's~~NYLL's and ~~NYCCRR's~~the NYCRR's overtime provisions.

~~55.~~47.  ~~Defendants' actions were in willful violation of the NYLL and NYCCRR.~~

~~56.~~48.  Plaintiffs are entitled to their overtime pay for all hours worked in excess of forty at the rate of one and one-half times their respective standard rates of pay.

15

57.49.  Plaintiffs are also entitled to liquidated damages, interest, and attorney's fees for the Defendants' ~~willful violation~~violations of the NYLL's and ~~NYCCRR's~~NYCRR's overtime provisions.

### THIRD CLAIM OF RELIEF AGAINST DEFENDANTS
### (NEW YORK LABOR LAW: FAILURE TO PAY WAGES)

58.50.  Plaintiffs ~~Boyd~~repeat, reiterate, and ~~the Putative NY Class Members reallege~~re-allege each and ~~incorporate by reference paragraphs 1 through 57, as if they were~~every allegation set forth ~~again~~above with the same force and effect as if more fully set forth herein~~.~~..

59.51.  NYLL §§ 190, 191 and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

60.52.  As described above, Defendants are an "employer" within the meaning of the NYLL, while Plaintiffs were "employees" within the meaning of the NYLL.

61.53.  As also described above, Defendants failed to provide any compensation to ~~Plaintiff and the Putative NY Class Members~~Plaintiffs for certain hours when Defendants engaged in the practice of ~~hours~~time shaving.

62.      ~~Defendants' actions were in willful violation of the NYLL.~~

63.54.  ~~Plaintiff and the Putative NY Class Members~~Plaintiffs are entitled pursuant to NYLL to their agreed upon hourly rates for all hours worked that ~~Plaintiff and the Putative NY Class Members were not paid for~~Plaintiffs worked.

64.55.  ~~Plaintiff and the Putative NY Class Members~~Plaintiffs are also entitled to liquidated damages, interest, and attorney's fees for the Defendants' ~~willful~~ failure to pay wages in violation of the NYLL.

### FOURTH CLAIM OF RELIEF AGAINST DEFENDANTS
### (NEW YORK LABOR LAW: FAILURE TO COMPANY WITH NOTICE AND
### RECORDKEEPING REQUIREMENTS)

16

65.56.  Plaintiffs Boydrepeat, reiterate, and the Putative NY Class Members reallegere-allege each and incorporate by reference paragraphs 1 through 64, as if they wereevery allegation set forth againabove with the same force and effect as if more fully set forth herein.

66.57. NYLL § 195(4) requires, among other things, that Defendants establish and maintain, for at least six years payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

67.58. NYLL § 661 requires that Defendants establish and maintain, inter alia, true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

68.59. 12 N.Y.C.R.R. § 142-2.6 requires New York Defendants to establish, maintain and preserve, for six years, weekly payroll records showing, inter alia, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

69.60. NYLL § 195(3) requires that Defendants furnish each of its employees with a statement with each payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

70.61. N.Y.C.R.R. § 142-2.7 requires Defendants to furnish each employee with a statement with each payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

71.62. Defendants did not provide Boyd and the Putative NY Class MembersPlaintiffs with the requisite accurate notices upon hire and statements on each payday described above in the foregoing paragraphs.

17

72.63.  As a result of Defendants failure to comply with the notice and record keeping requirements of NYLL § 195(a) and 195(3), ~~Plaintiff and the Putative NY Class Members~~Plaintiffs are entitled to recover from Defendants all penalties as provided by NYLL § 198(1~~)~~-b) and 198(1~~)~~-d).

## DEMAND FOR A JURY TRIAL

73.64.  ~~Plaintiff and Putative FLSA Collective and the NY Class Members~~Plaintiffs demand a trial by jury on all issues and claims in this Action.

## PRAYER FOR RELIEF

74.65.  **WHEREFORE,** ~~Plaintiff Boyd, the NYLL Class, and the FLSA Collective~~Plaintiffs are entitled to and pray for the following relief:

~~a.   Designation of this Action as a FLSA collective action on behalf of the Plaintiff Boyd and the FLSA Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to members of the FLSA Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), and tolling the statute of limitations;~~

~~b.~~a.A declaratory judgment that Defendants' practices complained of herein are unlawful under the FLSA, New York Labor Law, and common law;

~~c.   An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the weighted average rate of pay under the FLSA and/or the NYLL;~~

~~d.   An award of unpaid wages for hours all hours that were shaved by Defendants' unlawful policy of hours shaving, at one and one-half the regular rate of pay (if such hours were worked over 40 in a workweek) or at the regular rate of pay (if such hours were worked below~~

18

40 hours in a workweek);An award of liquidated damages as a result of Defendants' willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to the FLSA and NYLL;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiffs for participation in any form in this litigation;

d. All damages that Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs would have received but for Defendants' unlawful payment practices;

e. An award of liquidated damages as a result of Defendants' willful failure to pay for all hours worked below 40 in a workweek at the regular rate of pay pursuant to the FLSA and the NYLL;

f. An award of damages representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

g. Penalties under NYLL §§ 198(1)(b) and 198(1)(d) for the Defendants' failure to comply with the notice and record keeping requirements of NYLL §§ 195(1) and 195(3);

h.f. An award of pre-judgment and post-judgment interest;

i.g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of service payments to Plaintiff Boydfees; and

j.h. Such other and further relief as this Court deems just and proper.

19

Dated:  New York, New York
        May 25, 2021

                          Respectfully submitted,

                          Stevenson Marino LLP

        October 28, 2019              *Attorneys for* Plaintiff
        *sPlaintiffs*

                          By:     /s/ Justin R. Marino
                          Justin R. Marino

                          (212) 939.72287229 (o)
                          (212) 531-6129 (f)
                          jmarinojmaguire@stevensonmarino.com

                          By:

                          Jeffrey R. Maguire

20