UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL BOYD, on behalf of himself
and all others similarly-situated,

              Plaintiff,

      v.

PINNACLE ATHLETIC CAMPUS, LLC;
DANIEL BREE, in his professional and
individual capacities; SHARON
CARDARELLI, in her professional and
individual capacities, and JOHN DOE and
JANE DOE #1-10,

              Defendants.
_____

**DECISION AND ORDER**

6:19-CV-06795 EAW

## INTRODUCTION

Plaintiff Michael Boyd ("Plaintiff") commenced this action on October 28, 2019, against defendants Pinnacle Athletic Campus, LLC ("Pinnacle"), individual defendants Daniel Bree, Sharon Cardarelli, and John and Jane Does #1-10 ("Defendants"), as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and putative class action under the New York Labor Law. (Dkt. 1). In sum and substance, Plaintiff alleges that he was employed by Pinnacle and he and other similarly situated employees were not properly compensated for hours worked overtime. (*Id*. at ¶¶ 2-6). Christopher Culver, Antonio Hepburn, and Brittany Biddle filed consents to opt-in to the litigation on September 8, 2020, October 26, 2020, and January 11, 2021, respectively. (Dkt. 22; Dkt. 29; Dkt. 34).

The parties engaged in mediation beginning on January 9, 2021.  A settlement was reached between defendants and Plaintiff and Biddle, but not as to Culver and Hepburn. On May 26, 2021, Plaintiff filed a motion to amend the complaint to continue the action on behalf of Culver and Hepburn.  (Dkt. 41).  Defendants opposed the motion. (Dkt. 45).

On July 6, 2021, Plaintiff and Biddle filed a motion for settlement approval, attaching the proposed settlement agreement as an exhibit to their motion.  (Dkt. 52). Pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), either the district court or the United States Department of Labor must approve the settlement of an employee's FLSA claims against their employer, where the settlement would dispose of those claims with prejudice.  *Id.* at 206.  The parties request that the Court approve the proposed settlement agreement.  For the following reasons, the parties' motion is granted.

Also currently pending before the Court is Magistrate Judge Payson's Report and Recommendation dated February 11, 2022 (Dkt. 53) (the "R&R"), regarding the motion to amend (Dkt. 41).  No objections were filed to the R&R.  For the reasons set forth below, the Court adopts the R&R in its entirety, and therefore grants the motion for leave to file an amended complaint to include Hepburn as a named plaintiff and to assert factual allegations relating to him, denies leave to include Culver as a named plaintiff, and denies without prejudice the request to make further proposed amendments subject to renewal through further motion practice before Magistrate Judge Payson or stipulation.

## DISCUSSION

## I.   Legal Principles

"Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor." *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *1 (S.D.N.Y. Dec. 15, 2015) (citing *Cheeks*, 796 F.3d at 206 ("Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect.")). "To approve a settlement, this Court must be satisfied that the agreement is 'fair and reasonable.'" *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015).

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Other factors may weigh against settlement approval, such as:

> (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA noncompliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace."

*Felix v. Breakroom Burgers & Tacos*, No. 15 CIV. 3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016) (citations omitted).

A.      <u>Factors Weighing in Favor of Approval</u>

The Court finds that the amount of recovery under the settlement agreement is fair when compared to Plaintiff's expected range of recovery.  Under the settlement agreement, Plaintiff and Biddle will each receive $25,000.00, which includes $8,211.67 representing payment for all unpaid wages; $8,211.67 for alleged liquidated damages, penalties, and interest; and $8,576.66 as payment for attorneys' fees and costs in connection with their claims.  (Dkt. 52-1 at 3, 8).  This amount represents 84.9% of Plaintiff's maximum FLSA recovery, and 80.6% of Biddle's maximum FLSA recovery, which the Court finds fair and reasonable.  *Castro v. Black Rose Hospitality LLC*, No. 21-CV-5834 (RA), 2022 WL 137290, at *1 (S.D.N.Y. Jan. 14, 2022) (finding that proposed settlement representing 30% of Plaintiffs' total unpaid wages calculation with damages was fair and reasonable).

Further, entering into the settlement agreement will allow both sides to avoid the litigation risks and additional costs associated with proceeding with motion practice or a trial.  "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement."  *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (quotation marks omitted).  Here, "the [A]greement was reached early in the proceedings, reflecting the legitimate concerns of both sides to avoid time-consuming and potentially expensive litigation burdens. . . ."  *Goett v. VI Jets Int'l, Inc.*, No. 14-CV-8256 (MHD), 2015 WL 3616961, at *2 (S.D.N.Y. Apr. 22, 2015); *see also Zamora v. One Fifty Seven Corp.*, No. 14 Civ. 8043 (AT), 2016 WL 1366653, at *1 (S.D.N.Y. Apr. 1,

2016) ("Beyond establishing claims and defenses at trial, proceeding with litigation would require further discovery and motion practice.").

Furthermore, competent counsel on both sides facilitated the settlement agreement, and there are no indicia of fraud or collusion. "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (noting that "[d]uring the entire process, [the p]laintiffs and [the d]efendant were represented by counsel experienced in wage and hour law"); *Santos v. Yellowstone Props., Inc.*, No. 15 Civ. 3986 (PAE), 2016 WL 2757427, at *3 (S.D.N.Y. May 10, 2016) ("As to the fourth and fifth factors, there are no signs of fraud or collusion, and the settlement here was the product of arms'-length bargaining by experienced counsel."). Therefore, the Court concludes that the factors favoring the approval of a settlement agreement are present in the instant matter.

## B.   None of the Factors Weighing Against Approval are Present

None of the factors weighing against settlement approval are present here. There is no evidence before the Court that other employees yet to be identified are similarly situated to Plaintiff's circumstances.[1]  *See Briggs v. DPV Transportation, Inc.*, No. 21-CV-6738 (KMK), 2021 WL 6111917, at *4 (S.D.N.Y. Dec. 27, 2021) ("The Court is not aware of other employees who are similarly situated to Plaintiffs, and Plaintiffs will be the only two

---

[1]   While Plaintiff's complaint alleges that there are other similarly situated employees, it does not identify any such individuals, nor did Plaintiff seek conditional certification of the FLSA collective. Of course, as set forth below, the claims by Hepburn survive approval of this settlement and will proceed.

employees affected by the settlement and dismissal of the lawsuit.  These facts weigh in factor of approval of the PSA."); *Browder v. Advertisement Carriers Enters., Inc.*, No. 15 Civ. 5594 (PAE), 2016 WL 7031608, at *4 (S.D.N.Y. Nov. 30, 2016) ("The fact that no other employee has come forward with a claim supports settlement approval." (citing *Santos*, 2016 WL 2757427, at *3)).  In addition, "because [Plaintiff] no longer work[s] for [D]efendants, the Court has little concern that [D]efendants used improper leverage to secure the settlement."  *Santos*, 2016 WL 2757427, at *3 (citing *Cisneros v. Schnipper Rest. LLC*, No. 13 Civ. 6266 (JMF), 2014 WL 67235, at *1 (S.D.N.Y. Jan. 8, 2014)).  The Court is also unaware of any "history of FLSA noncompliance" by Defendants, and the complaint "does not appear to raise novel factual or legal issues that would further the development of law in this area."  *Id.*

## C.    Additional Considerations in Favor of Approval

"[I]n *Cheeks*, the Second Circuit provided guidance as to the types of provisions that contravene the FLSA's remedial purpose of 'prevent[ing] abuses by unscrupulous employers, and remedy[ing] the disparate bargaining power between employers and employees.'" *Yang v. Matsuya Quality Japanese Inc.*, No. 15-CV-1949(JS)(ARL), 2017 WL 456464, at *1 (E.D.N.Y. Feb. 2, 2017) (quoting *Cheeks*, 796 F.3d at 207).  The Second Circuit has specifically disapproved of settlement agreements containing:

> (1) a battery of highly restrictive confidentiality provisions . . . in strong tension with the remedial purposes of the FLSA; (2) an overbroad release that would waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues; and (3) a provision that would set the fee for

plaintiff's attorney . . . without adequate documentation to support such a fee award.

*Cheeks*, 796 F.3d at 206 (quotation marks omitted).  "Courts in this Circuit also commonly decline to approve settlements containing . . . overbroad non-disparagement provisions. . . ."  *Escobar v. Fresno Gourmet Deli Corp.*, No. 16 Civ. 6816 (PAE), 2016 WL 7048714, at *2 (S.D.N.Y. Dec. 2, 2016).

Here, the settlement agreement contains narrowly tailored release provisions, and does not contain any confidentiality or waiver provisions.  The release provision requires Plaintiff and Biddle to release claims "only insofar as they relate to wage-related claims contained in the Action."  (Dkt. 52-1 at 1, 7); *see Ezpino v. CDL Underground Specialists, Inc.*, No. 14-CV-3173 (DRH) (SIL), 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017) (approving of revised release language, which was "limited to causes of action 'related to claims for unpaid wages and overtime arising under the [FLSA], 29 U.S.C. § 216(b) [and] claims for unpaid wages and overtime arising under the [NYLL], Article 19 and 12 N.Y.C.R.R. Part 142. . . .'"), *adopted*, 2017 WL 3037406 (E.D.N.Y. July 17, 2017).

Further, Plaintiff and Biddle no longer work for Defendants (*see* Dkt. 52 at 2 (Plaintiff was employed for Defendants from March 25, 2018 through March 31, 2019 and Biddle was employed for Defendants from March 5, 2017 through September 22, 2019)). Additionally, "[b]ecause this case is not a class action, at least one of the dangers posed by an overbroad release—that it would bind class members who had no bargaining power concerning the settlement terms—is not present here."  *Cionca v. Interactive Realty, LLC*,

No. 15-CV-05123 (BCM), 2016 WL 3440554, at *4 (S.D.N.Y. June 10, 2016). Accordingly, the Court finds that the waiver and release provisions are fair and reasonable.

## II.    The Requested Attorneys' Fees Award Are Reasonable

"When an FLSA settlement includes an allotment of attorney's fees, the court must also evaluate the reasonableness of the fees.  This ensures that the agreement is not influenced by conflicts between the interests of counsel and the plaintiff's interest in obtaining the best possible recovery." *Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13-CV-6126 (NGG) (VMS), 2014 WL 6621081, at *2 (E.D.N.Y. Nov. 21, 2014) (citations omitted).  The Second Circuit has set forth six factors to evaluate the reasonableness of attorneys' fees in the FLSA settlement context: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . .; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (quotation marks and citation omitted).  "In addition, a plaintiff seeking attorneys' fees must submit evidence providing a factual basis for the reward, or else the fee application will be rejected or reduced." *Hernandez v. Tabak*, No. 12 Civ. 1402 (PKC), 2013 WL 1562803, at *1 (S.D.N.Y. Apr. 10, 2013).  "A court determining the portion of a FLSA settlement reasonably allocated to attorneys' fees may use either a 'lodestar' method or a 'percentage of the fund.'" *Flores v. Negril Vill., Inc.*, No. 15-CV-2658 (AJN), 2016 WL 8969316, at *1 (S.D.N.Y. Apr. 25, 2016) (citing *Thornhill v. CVS Pharmacy, Inc.*, No. 13 Civ. 5507 (JMF), 2014 WL 1100135, at *2 (S.D.N.Y. Mar. 20, 2014)).  "In this Circuit, courts typically approve attorney's fees that range between 30 and 33[percent]." *Thornhill*,

2014 WL 1100135, at *3.  "Indeed, contingency-fee awards in FLSA cases have often been judicially approved, even where the applied percentage of the recovery results in fees that exceed the presumptively reasonable amount that would result from a 'lodestar' calculation (i.e., the attorneys' reasonable hourly rates multiplied by the reasonable number of hours spent on the case)."  *Rodpracha v. Pongsri Thai Rest. Corp.,* No. 14CV02451 (DF), 2021 WL 6205861, at *1 (S.D.N.Y. Dec. 29, 2021).

Here, pursuant to the contingency fee agreement between Plaintiff and counsel, counsel seeks one-third of the total net settlement amount after deduction of litigation expenses of $730.00, for a total of $16,423.33.  "Courts in the Second Circuit routinely award attorneys' fees in FLSA settlements of one-third of the total recovery."  *Briggs,* 2021 WL 6111917, at *5.  Notwithstanding the stipulated contingency fee between the parties, Plaintiff's attorneys have submitted to the Court detailed time records showing that they expended over 63.8 hours of attorney time in this matter, amounting to a total of $12,250.00 in fees (with a rate of $250.00 per hour for attorneys with fourteen years' experience).  (*See* Dkt. 52 at 5; Dkt. 52-2 at 10).  As noted, counsel seeks $16,423.33 in attorneys' fees, roughly equaling a multiplier of 1.34 of the lodestar amount.  (Dkt. 52 at 4-5).  The Court concludes that this amounts to a reasonable fee.  *Robles v. Luis Furniture #1 Inc.*, No. 20-CV-6951 (RA), 2021 WL 4974677, at *2 (S.D.N.Y. Oct. 26, 2021) ("Courts in this district routinely approve lodestar multipliers above 1.5.").

The Court has also considered the *Goldberger* factors in concluding that the agreed upon fee award is reasonable.  Based on the records submitted by Plaintiff's counsel, it does not appear that there was any unnecessary duplication of work on Plaintiff's case.

The case presented relatively complex issues.  Both Plaintiff and Defendants determined that a fair settlement was a more favorable result than continuing with protracted litigation, and this favorable result was achieved at an early stage of the case, which is a positive reflection of counsel's experience and the quality of the representation.  All these factors weigh in favor of finding that the attorneys' fees are reasonable.

## III.   Adoption of the Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1), the parties had 14 days to file objections to the Report and Recommendation.  No objections were filed.  The Court is not required to review *de novo* those portions of a report and recommendation to which objections were not filed.  *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure [to timely] object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

Notwithstanding the lack of objections, the Court has conducted a careful review of the Report and Recommendation, as well as the prior proceedings in the case, and finds no reason to reject or modify the Report and Recommendation.   The Report and Recommendation recommends permitting Plaintiff to amend the complaint to include Hepburn as a named plaintiff and to assert the factual allegations relating to him.  The Report and Recommendation reasons that Hepburn's claims relate to the same policy and practice that the original complaint asserts on behalf of Plaintiff, and the Court agrees.  It recommends denying leave to include Culver as a plaintiff, finding that Culver's claims are not encompassed within the original complaint.  Again, the Court agrees.  Finally, the

Report and Recommendation recommends that any other proposed amendments, including

removal of the class allegations and identification of Boyd as a plaintiff from the original

complaint, be denied without prejudice pending this Court's approval of the settlement.  As

set forth above, the settlement has now been approved, and those amendments may now

be pursued by stipulation or further motion practice before Magistrate Judge Payson.  For

these reasons, the Report and Recommendation is adopted in full.

## CONCLUSION

For the foregoing reasons, the motion for settlement approval (Dkt. 52) is granted,

and the settlement agreement is approved.  The Report and Recommendation (Dkt. 53)

granting in part and denying in part Plaintiff's motion to amend (Dkt. 41) is adopted in its

entirety.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  March 7, 2022
        Rochester, New York

- 11 -